### No. 629

### DUFF v. ROTHENBERG

No. 19848. Supreme Court

On motion to certify. Dock. 28, 1926.

997. REAL ESTATE—Where the deed conveying certain real property recites the existence of certain encumbrances but does not stipulate the assumption of these encumbrances by the grantee, may a personal judgment be rendered against both grantee and grantor in favor of the lien holders?

This action was brought originally in the Cuyahoga Common Pleas by William Rothenberg against Robert Y. Duff and J. P. Eastman and other lien holders for foreclosure of a mortgage on certain real property in Cleveland.

It appears that Eastman conveyed to Duff by deed a piece of real estate upon which Rothenberg held a mortgage. There was no agreement between Eastman and Duff concerning the assumption of any mortgages against the property. A clause in the deed stated that the property was subject to certain encumbrances but contained no recital of the assumption of these liens by the grantee, Duff.

Duff in the Supreme Court contends:

The judgment of the Common Pleas against Eastman and Duff was affirmed by the Appeals and at the foreclosure sale there was not a sufficient sum realized to pay the indebtedness.

1. That he did not assume the mortgage and is therefore not personally liable.

2. That within the purview of 8621 GC., he is not liable.

3. That the question is merely a promise by the grantee to a mortgage for the payment of the debt of a third party.

Attorneys—Mooney, Hahn, Loeser and Keough, Cleveland, for Pltf.; Rothenberg & Smith, Cleveland, for Deft.